# IN THE US DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
## Civil Action No.: 5:23-cv-00210-KDB-SCR

| | |
|---|---|
| STEPHANIE DELLINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **CONSENT PROTECTIVE ORDER** |
| LINCOLN COUNTY BOARD OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, N.C. Gen. Stat. §§ 115C-319 and 115C-321, and 20 U.S.C. § 1232g and 34 C.F.R. § 99.31, upon stipulation by the parties, the Court enters the following Order:

During this action, the Parties may request production of documents and information contained in personnel records concerning current and/or former employees of Defendant Lincoln County Board of Education, which may also include confidential current and/or former student information ("Confidential Materials"). The Parties may also attempt to use such Confidential Materials as evidence in this lawsuit.

Portions of such documents and information may be confidential personnel records of local boards of education protected from disclosure under N.C. Gen. Stat. §§ 115C-319 and 115C-321, or confidential student records protected from disclosure under 20 U.S.C. § 1232g and 34 C.F.R. § 99, but which may be disclosed pursuant to court order under N.C. Gen. Stat. § 115C-321(a)(4) and 34 C.F.R. § 99.31 and the circumstances applicable here.

The parties have an interest in limiting disclosure of the records and information for any purposes other than the litigation process of this case.

**IT IS HEREBY ORDERED THAT**:

1. **Confidential Personnel Information.** "Confidential Personnel Information" of current and former employees of Defendant Lincoln County Board of Education ("Defendant Board") includes personnel file information as defined in N.C. Gen. Stat. § 115C-319, and includes information that concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions, termination of employment, grievances, complaints, human resources and other investigations, licensure information, and similar information and documents, wherever located and in whatever form. Confidential Personnel Information may be located in the following documents or materials: (i) personnel files, (ii) interview files and the information contained therein, (iii) supervisory notes and documentation, (iv) investigative files that include incident reports, as well as notes, photos, videos and audio recordings, and (v) employment files maintained by Human Resources, by school administrators where Plaintiff Stephanie Dellinger or other employees worked or by other Defendant Board administrators.

2. **Confidential Personal Information**. Plaintiff may be asked to produce medical records or other health-related information as well as personal financial and tax records and private communications with others, including with friends and family. These records may be pertinent to the factual issues in this case.

3. **Confidential Student Information**. Current and/or former students' names or identities may be reflected in records produced as part of this litigation. The parties will endeavor

to protect all students' identifiable information by voluntarily redacting such information and designating records as confidential, as outlined in this Protective Order.

4. **Designation of Records as Confidential**. Any party producing or furnishing information to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document, or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in this Order. Confidential Personnel Information, Personal Information and Student Information may be designated as "Confidential." Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.

5. **Procedure for Designating Information as Confidential**. The Parties may designate information as Confidential in the following manner:

   a. In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method that will make the word conspicuous;

   b. In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential"; or

   c. In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Material is

about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that party should indicate in a clear fashion the portion of the document or testimony that is intended to be designated as confidential. If not noted during a deposition, within a reasonable period of time after a transcript is produced, counsel for either party may designate a response as Confidential Material.

6. **Restricted Use of Confidential Information**. Documents/ information designated as "Confidential" pursuant to this Protective Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

 a. the Court (including the Clerk's office, stenographic reporters, and videographers engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

 b. counsel for the parties, their staff members, their professional and paraprofessional employees;

 c. any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

 d. the parties to this litigation, including officers or managers of a party who have a need to know the information for purposes of this litigation; or

 e. by mutual consent.

Documents produced pursuant to this Protective Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone

not connected with this action as a party, witness, counsel, consultant, staff person or court personnel. Specifically, use of Confidential Material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

Nothing in this Order is intended to interfere with an individual's right to examine his/her own personnel file and the right of Defendant Board and its designated representative(s) from examining personnel information to the extent permitted by law.

7. **Acknowledgment**. All persons to whom Confidential Material is disclosed pursuant to this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Material pursuant to this Order have knowledge of the terms of this Order.

8. **Inadvertent Disclosure**. In the event a party inadvertently produces materials which should have been but were not marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they were marked "Confidential" when they were first produced.

9. **Use of Confidential Materials in this Case**. Nothing in this Order shall prevent or impair the use by a party of Confidential Materials as set forth in paragraphs 1-3 of this Order in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To the extent any

Confidential Material is filed with the Court, counsel filing the Confidential Material shall file it under seal in accordance with the applicable Local Rule(s).

10. **Rights Preserved**. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party also may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. Further, all parties retain the right to apply to the Court for an order affording additional protection to Confidential Material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

11. **Ultimate Disposition of Confidential Information**. The ultimate disposition of all Confidential Materials protected by this Protective Order shall be made subject to a final order entered by this Court upon the completion of litigation.

12. **Protection of Copies**. All copies, extracts or summaries prepared from Confidential Materials produced hereunder shall be subject to the same terms of this Order as the Confidential Material from which such copies, extracts or summaries were prepared, if properly designated.

**NOW, THEREFORE, IT IS HEREBY ORDERED** for good cause shown and with the consent of the parties that the discovery of Confidential Materials shall be had only upon the following terms and conditions:

1. All information and documents from protected personnel records concerning current and/or former employees of Defendant Board and other confidential records and information identified in Paragraph 1 above that are produced or received by the parties shall be treated as confidential and shall not be disclosed for any purpose other than the proceedings in this litigation.

2. All personal information and documents from Plaintiff identified in Paragraph 2 above that are produced or received by the parties shall be treated as confidential and shall not be disclosed for any purpose other than the proceedings in this litigation.

3. All Students Records identified in Paragraph 3 above that are produced or received by the parties shall be treated as confidential and shall not be disclosed for any purpose other than the proceedings in this litigation.

4. The parties may only disclose such confidential records and information in the manner described in Paragraphs 5 and 6.

5. All such persons to whom confidential information and records are disclosed shall be informed of this Consent Protective Order and shall be bound by its terms and conditions.

6. No copies of any confidential document shall be made except as is necessary for the preparation and hearing of this case.

7. At the conclusion of this litigation, all copies of confidential documents shall be returned to the respective parties of this case.

8. By consenting to this Protective Order, the parties do not waive any other objections allowed under Fed. R. Civ. P 26(b) to the discovery of information.

**SO ORDERED.**   Signed: August 27, 2024

_Susan C. Rodriguez_
Susan C. Rodriguez
United States Magistrate Judge